## No. 155

### CLEVELAND RY. CO. v. SHEEHAN

Ohio Appeals, 8th Dist., Cuyahoga County

Nos. 4708 and 4829. Decided Jan. 14, 1924

677. JUDGMENTS—Newly discovered evidence to set aside a judgment must be of such character as would tend to change verdict. Refusal to vacate judgment under facts in case held erroneous.

VICKERY, P. J.

#### Epitomized Opinion

First Publication of this Opinion

This was an action for personal injuries brought against the Cleveland Railway Co. Sheehan claimed that he was injured as a result of a collision between two of the Cleveland Railway Company's street cars while he was a passenger on one of said cars. He claimed that he received two crushed vertebrae, a broken nose and some injuries to his head as a result of this accident. During the course of the trial Sheehan made several incoisistent statements as to the nature and character of further injuries which he had received. There was a sharp conflict between the medical testimony offered by the plaintiff and the defendant, but plaintiff's family physician testified that when he first treated plaintiff, which was a short while after the accident, the plaintiff did not complain of an injury to his back. It was also in evidence that the plaintiff walked home after the accident. The jury, however, refused to adopt the defendant's story that the condition of the plaintiff's back was due to a former injury and awarded the plaintiff a verdict of $35,000. After the term of court had ended a petition to vacate the judgment was filed upon the ground of newly discovered evidence. The record indicated that the Railway Company had exercised due diligence in the matter. The evidence in question was the affidavit of Sheehan's brother-in-law to the

effect that he had received a back injury in West Virginia and that Sheehan was attempting to perpetrate a fraud upon the court. A portion of the records of the attending physician were also included in this affidavit. The trial court dismissed the petition to vacate and the case was then taken to the Court of Appeals on error. In reversing the judgment of the lower court, the Court of Appeals held:

1. In order to reverse the trial court for refusing to vacate a judgment on petitnon upon the ground of newly discovered evidence, the evidence must have a certain potency and must be of such a character that in all probability if the evidence had been introduced in the ormiginal trial the verdict would have been the other way.

2. That the trial court erred in refusing to vacate the judgment as the newly discovered evidence taken in connection with the plaintiff's testimony and the testimony of some of the physicians in the case might have caused the jury to reach a different conclusion, and in order to give the defendant the benefit of the doubt it was entitled to a new trial.

Attorneys—Squire, Sanders and Dempsey, for Cleveland Ry. Co.; D. T. Anderson, Esq., for Sheehan, all of Cleveland.